WIRT ADAMS, STATE REVENUE AGENT v. WILLIAM M. CARTER ET AL.

[47 South., 409.]

SUPREME COURT PRACTICE. Plea in bar of appeal. Accepting benefits of judgment. Payment. Judgment an entirety.

An appeal by a plaintiff from a judgment of the circuit (a common law) court awarding him only a part of his demand is barred by his accepting payment of the judgment, where a reversal of the judgment would permit a retrial of the whole case.

FROM the circuit court of Sunflower county.

HON. SYDNEY M. SMITH, Judge.

PLEA IN BAR OF THE APPEAL.

Adams, state revenue agent, appellant, was plaintiff in the court below; Carter and others, appellees, were defendants there. From a judgment in plaintiff's favor for only a part of his demand he appealed to the supreme court.

After the disallowance of appellees' motion to dismiss the ap-

---

* See the case next following in this volume.

peal (see the case next before this one in this volume), they
pleaded in bar of the appeal the fact that the appellant had
caused an execution to be issued on the judgment and had ac-
cepted payment thereof.

*O. G. Johnson*, for appellant.

Responding to the brief filed by one of counsel representing
appellees the attention of the court is especially directed to the
peculiar features of the case at bar which differentiates it from
the usual class of similar cases and which makes this case an
exception to the general rule, if counsel representing appellees
be correct as to the general rule.

In the case at bar this court will note there is no effort in the
proceedings now before the court to have the judgment of the
lower court reversed, nor it is possible for the judgment of the
lower court to be reduced.   Suit was filed in the court below for
a specific sum, namely an amount alleged to be due by a tax
collector and his bondsmen to the board of levee commissioners.
Section 1 of chapter 127 of the laws of 1906 provides that for
the failure of a tax collector to settle according to law, he, or his
heirs and the sureties upon his bond shall pay to the levee board
not only the sum due the board but a penalty of thirty per
centum per annum in addition to the original indebtedness.
This damage is in the nature of interest fixed by statute to be
paid for the illegal or unlawful use of public funds.   At the
trial below without dispute it was adjudged that A. E. Ander-
son, Jr., deceased, was indebted to the levee board in the full
sum of $8,228.   To this judgment no objection was inter-
posed by the representatives of A. E. Anderson, Jr., or by his
bondsmen.   They acquiesced in the correctness of that judg-
ment; hence, in so far as this suit is concerned, it has been
finally adjudged that Anderson, and therefore Carter, his ad-
ministrator and personal representative, and the Bank of In-
dianola, his bondsman, are indebted to the levee board for the
full amount of that judgment.   The learned court below, for
reasons sufficient unto itself, refused to enter judgment for the

damage and interest allowed by law, namely the sum of thirty per centum per annum. A motion was therefore made before the court below seeking to have that judgment modified and corrected by the addition of the damages. The court below overruled this motion and refused to modify its judgment so as to include interest or damages. To this last act of the court in overruling this motion appellant excepted and thereupon tendered his bill of exceptions, assigning as the sole error the action of the court in refusing to include the item of damages, and thereupon prayed the appeal to bring this cause before this court.

In determining the question presented by appellees' plea in bar this court is not called upon to pass on the action of the court below in refusing to allow the item of damages and so far as this particular proceeding is concerned is bound to go upon the theory that the statute fixing the penalty of thirty per centum is valid and that appellant was entitled to a judgment in conformity with the statute provided for in such cases. In construing a similar statute this court has said, in the case of *State* v. *Lewenthall,* 55 Miss., 589, that the damage was an incident to the debt, a part and parcel thereof, inseparable therefrom and that it need not be specifically declared for in order to entitle a plaintiff to recover it. By this appeal this court is not asked to pass upon the correctness of the original debt but simply to say whether or not the judgment of the court below should be modified by adding thereto the damages allowed by law, and I submit that neither litigant was injured by the issuance of the execution and the collection of a just debt to which the state was legally entitled. If this is not true and if the action of appellant in causing the issuance of the execution bars his right of appeal, it will be in effect to hold that appellant should have waited all these many months before collecting that which was confessedly due him, taking the risk in the meanwhile of having appellees become insolvent, thereby entailing the loss of the full amount due.

The learned counsel in his brief for appellees draws a dis-

tinction between cases in a court of equity and those in a court of law conceding that the great weight of authority favors the rule permitting a judgment creditor to enforce the performance of a part of a decree and appeal from the remainder of that decree. In the opening paragraph of his brief he complains of one difficulty in the examination of the question presented, which he says arises from the fact that in many of the western states the distinctions between law and equity have been abolished. I respectfully submit that in the state of Mississippi there is no distinction in so far as cases of this particular class are concerned between a court of law and a court of equity. The constitution of the state of Mississippi, sec. 16, provides that chancery and circuit courts shall have concurrent jurisdiction of suits on the bond of public officers for failure to account for money and property received, etc. The object of this section of the state constitution was clearly to facilitate the matter of enforcing the payment of money to the state by defaulting officers. It was deemed necessary by the framers of the constitution to give every latitude to the agents of the state in order to aid them to more perfectly protect the interest of the public, and it would be contrary to the spirit and to the constitution and to public policy, to hold that when it has been legally determined that an officer owes to the state of Mississippi a sum of money that the state cannot proceed to collect that money until the adjudication of some minor point which may be involved in the case but which in no way affects the original debt. Had the revenue agent in the case at bar failed to enforce the payment of the judgment given him against the Bank of Indianola and waited for this court to say whether or not the court below should have allowed the penalty fixed by law, and in the meantime the Bank of Indianola had become insolvent the levee board would have lost something more than $8,000; as it is, the Bank of Indianola has simply paid a just debt and may still litigate the question of its liability for the additional amount claimed, and in no event is the amount of the original judgment liable to

be diminished.    If the act imposing the penalty is valid, and
this court so holds, it will simply become the duty of this court
to modify the judgment of the court below by adding thereto
the amount of the damages due or by remanding the cause and
directing the court below to sustain the motion made by appel-
lant for a modification of the judgment.

*Tim E. Cooper,* for appellee.

The case stands on the defendant's plea in bar of the further
prosecution of his appeal.

One difficulty in the examination of the question presented
arises from the fact that in very many of the western states, the
distinction between law and equity has been abolished and with-
out an examination of each case, it is impossible to say which
are equitable and which are legal actions and it is also necessary
to know the control which the appellate court has under the va-
rious statutes of the states.

· I have examined many of the cases cited in the Cyclopedia of
Pleading and Procedure relied on by the appellant.    Stating
generally, the result of the investigation, I think it safe to say
that no case, to which he has referred or which I have discovered
in my investigation, holds that a successful plaintiff may sue out
execution on a judgment and recover the amount thereof and
appeal from the judgment so recovered where the judgment is at
law and is an entirety, unless it be shown that by the *pleadings*
of the defendant the amount so recovered and collected by the
plaintiff is taken out of the field of controversy.

In all the cases I have seen, there has been a plea in confes-
sion of the special amount, sometimes accompanied with a
tender.

Formulating the rule, as I understand it, with its exceptions,
it would be thus stated: A successful plaintiff cannot sue out
execution upon a judgment recovered and collect the amount
awarded to him and then prosecute an appeal. .If he first prose-
cutes the appeal and then sues out execution and collects the

judgment, this is a waiver of the appeal. Exceptions may be thus proved:

First:—Where there is a plea in confession of the amount recovered by the plaintiff and no issue is joined thereon.

Second:—Equity cases where the appellate court, without reversing so much of the decree as awards the relief afforded to the appellant, may modify it and award still further relief.

Third:—Cases in which the court in its judgment or decree requires the successful party to do a certain act as a condition entitling him to the benefit of the judgment or decree. Compliance with these terms does not bar the appeal.

Fourth:—Cases in reference to matters clearly several, as in actions of replevin for specifically described property.

Fifth:—Cases of a peculiar nature where the amount awarded to the plaintiff is the proceeds of his own property, recognized as such in the pleadings by all the parties.

Taking up the cases cited by counsel for the appellant, it is to be observed:

First, as to the Kentucky cases, that there is a statute in that state which provides that when a party recovers judgment for a part of his demand, the enforcement of such judgment shall not bar an appeal as to the part not recovered. Ky. Civ. Code, § 757; *Turner* v. *Johnson,* 18 Ky. Law Rep., 202, 35 S. W., 353.

In *Erwin* v. *Lowry,* 7 How. (U. S.), 172, the court had ordered the gaining party to pay over a certain sum to the losing party, which he did. Afterwards the losing party sued out a writ of error. On motion to dismiss, the court held:

First:—That the motion came too late, and

Second:—That the proceedings appealed from partook more of the nature of equity than law and that in equity the rule was that: "Although a decree in equity is fully executed at the instance of the successful party he cannot complain of his own voluntary act if he does perform a condition imposed on him before he can have the fruits of the decree, although the other

party derives a benefit from such performance." The court will observe that here there was a condition annexed by the decree on performance of which only the successful party was to have the benefit of that decree. He had the right to perform and plaintiff, in accepting the fruits of this voluntary act, was not precluded from his appeal.

The case of *Campbell* v. *Railway Co:,* 80 Ky., 585, is not only covered by the Kentucy statute above referred to, but there was a plea of confession of a certain amount admitted to be due to the plaintiff and while there was no actual tender and payment in the court, it was voluntarily paid. There was no issue as to this amount.

So also in *Upton Co.* v. *Huiske,* 69 Iowa, 557, the suit was upon two notes. The defendant confessed by his plea that one was due and pleaded only as to the other. A judgment was rendered for the sum confessed to be due and the plaintiff appealed. The defendant thereupon voluntarily paid the sum which he had admitted to be due and it was held that the appeal was maintainable. But where the judgment is for an amount not confessed to be due by the pleadings, the acceptance by the plaintiff of the amount for which judgment is rendered is held to bar the appeal. *District of Altoona* v. *District of Delaware,* 44 Iowa, 201.

The case of *Gas Company* v. *Ben Schoten,* 47 N. Y. App. Div., does not support appellant's contention. But that case was rested by the court on the decision in the case of *Knapp* v. *Brown,* 45 N. Y., 207, which the appellate division totally misconceived. In *Knapp* v. *Brown* the plaintiff sued Brown and Mrs. Jackson; the suit was by the referee dismissed as to Mrs. Jackson before the trial and the plaintiff recovered judgment against Brown for less than the amount he demanded. He appealed and then sued out execution and collected the amount of his judgment. It was held that this was a waiver of the appeal. Judge Glover, in delivering the opinion of the court, said: "The issuing of an execution by the appellant upon the

judgment rendered in his favor and the collection of the amount thereof, after bringing an appeal therefrom by him, was inconsistent with and a waiver of his right further to prosecute the appeal. By the former he enforced the judgment and secured to himself the fruits thereof as such. By the latter, he seeks wholly to reverse and annul the judgment for error therein. These acts, it is obvious, are wholly inconsistent the one with the other and upon principle it is clear that the same party cannot pursue both."

The language quoted by the appellate division was used by Judge Glover in his opinion but was not in reference to the case of *Knapp* v. *Brown,* but it related to a case which he was distinguishing from that, viz., that of *Clews* v. *Dickinson,* 8 Cow., 328. Judge Glover showed that it was a chancery case in which the appellant sought not *a reversal of the decree, but its modification* which the appellate court could award and it was wholly in reference to this case of *Clews* v. *Dickinson* that the language quoted by the appellate division was used by Judge Glover.

· But a judgment at law is an entire thing and must either be affirmed or reversed *in toto.* The appellant Adams here is seeking to reverse the precise judgment under which he sued out execution and recover the amount which was awarded to him. No modification of this judgment can be made by this court. It must be affirmed in whole or be reversed in whole. The court will find the whole subject fully stated in the notes to the case of *Clark* v. *Ostrander,* 13 Am. Dec., 548. In *Tyler* v. *Shea,* 4 N. Dak., 377, 50 Am. St. Rep., 660, and the notes thereto, one of the exceptions to the general rule hereinbefore noted is recognized. It is there said that the right of appeal is not waived by accepting the benefit under a judgment which the appellate court has the power to modify so as to make it more favorable to the appellant without reversing or modifying that part in his favor of which he has secured the benefit, but in such case the appeal can be taken only from the adverse portion of the judgment or decree.

In the cases cited by counsel from the 2 Enc. of Pl. & Pra., under the exception that the rule has no application where the appellant is shown to be so absolutely entitled to the sum collected upon the judgment that the reversal of it will not affect his right to it, or that an appeal may be prosecuted for the purpose of modifying the judgment, it will be found, I think, that all of them range themselves under the exceptions which I have above indicated. The case, *Tarlton* v. *Goldthwaite,* 23 Ala., 346, is the one reported in the 58 Am. Dec., 296, but was an equity case. The case, *Sills* v. *Lawson,* 133 Ind., 137, was also an equity case brought to quiet title. After a decree had been made it was agreed between the parties that a supplemental decree might be made fixing a lien for an agreed amount which amount the plaintiff, by his pleadings, concede would be due the defendant. It was held that the entering of this supplemental decree was not a waiver. The case of *Mellen* v. *Mellen,* 137 N. Y., 606, was also a case in which the amount collected by the plaintiff was conceded *by the pleadings* to be due to her. The action was one for partition and the amount received by the plaintiff was, as is noted by the court, the amount of the proceeds of the plaintiff's own property which had been sold.

*Mountain* v. *Law,* 107 Iowa, 403, was an equity case and the court in granting relief, required certain things to be done within a limited time to entitle the party to the benefit of the decree. It was held that the doing of this thing did not bar the appeal.

None of the authorities cited in the Enc. of Pl. & Pra., in support of its proposition that the appeal might be prosecuted where the plaintiff was in any event entitled to recover the sum which he had received, was a case in which *issues had been made,* putting in controversy the whole of the plaintiff's demands. All the cases supporting this proposition were cases in which by the pleadings themselves, a concession of the plaintiff's right was made. For the other proposition advanced by counsel and supported by the citation from 2 Enc. of Pl. & Pra.,

that the plaintiff may accept the amount awarded and appeal, I have seen no authority applying that rule except to chancery decrees or to such proceedings as that the *appellate court* might itself modify the judgment. In other words, it is not a modification which the plaintiff may eventually get upon a new trial in the *nisi prius* court on the reversal of the judgment by the appellate court, but it is a modification which the appellate court itself may make by enlarging or adding to the judgment without reversing the judgment itself.

In this day of a multitude of authorities and of encyclopedias in which they are cited, without intelligent discrimination by some of the courts, it would be too much for counsel to assert that no case could be found supporting contention of the appellant. I think however, I have read all or nearly all of the cases cited by counsel and by the encyclopedia to which he refers, and they group themselves within the exceptions and upon the grounds for those exceptions which I have indicated above.

It is therefore respectfully submitted: first, that the judgment in this case is an entirety and must be either reversed or affirmed in whole. Second, that it is a judgment rendered in a case in which the issues went to the whole of the plaintiff's demands. Third, that by suing out execution on this judgment, the plaintiff affirmed its correctness and has waived the right to further prosecute this appeal.

WHITFIELD, C. J., delivered the opinion of the court.

The appellant sued the appellees and recovered a judgment for $8,228 for default in the payment over of the taxes collected by the administrator's intestate. The appellees pleaded the general issue, denying any liability whatever. There was, consequently, no admission of any kind in the pleadings in the case that anything whatever was due the plaintiff. It is true, that looking to the agreed statement of facts, and looking to the correspondence between the attorneys, made an exhibit, and also looking to the course of the trial, especially the evidence intro-

duced, there does not seem to have been any real contest in fact over the amount for which the judgment was rendered. But let it be specially noted that there was no admission whatever in the pleadings, or in the evidence, or in the agreed statement of facts, that any amount was due. So far as the trial was concerned, and so far as the pleadings were concerned, liability was litigated, so that, if the judgment should be reversed, it would have to be reversed as an entirety, the action being one at law, and on a new trial the appellees would be at perfect liberty to make any further proof they might be able to offer, and might so far as we can tell, succeed in reducing the amount. In other words, it is not one of those cases in which we can see that in no event could the plaintiff recover less than he has here recovered. Had there been an agreement of fact that $8,228, was the amount actually due, either in the pleadings or otherwise, then we could have been able, so far as this particular proposition is concerned, to see that in no possible event could the plaintiff recover less. That is not the case before us as shown, and hence the principle invoked to that effect is, for that reason alone, if for no other, inapplicable here.

The action, be it also specially noted, is one at law, and has no equitable feature about it; and this judgment at law further held that the plaintiff was not entitled to the thirty per centum penalty claimed. Later, after the judgment, the plaintiff coerced, by execution, the payment of the amount of the judgment, $8,228. Still later, the appellant obtained an appeal, not from that part of the judgment disallowing the penalty only, but from the judgment as a whole—the entire judgment. There are several things essential to be borne in mind in order to a correct decision in this case, on this state of the pleadings, in this state. Mississippi is one of the five states of the union which have always rigidly maintained, unwisely, as the writer thinks, the distinction between law and equity, and an absolutely separate chancery system, administered by a chancery court according to the long-settled principles of equity jurisprudence

and practice. We have no statute authorizing an appeal from a part of a judgment at law in a civil case. Code 1906, §§ 1574 and 4945, are in the following words:

"If any statute shall provide a punishment of the same character, but of milder type, for an offense which was a crime under pre-existing law, then such milder punishment may be imposed by the court, but no conviction, otherwise valid, shall be set aside and new trial granted merely because of an error of the court in fixing punishment; and such error shall only entitle the party injured to vacate or reverse the judgment as to the punishment, and the legal punishment shall then be imposed by another sentence based on the original conviction or plea of guilty."

"Where the judgment appealed from is for property, real or personal, and damages, the supreme court, finding the judgment to be erroneous as to the damages only, may affirm it as to the property and reverse and remand it for a new trial as to the damages, and may adjudge the costs as may be proper."

The first section (1574) for the first time authorized this court to reverse the judgment in a criminal case as to the punishment and affirm it as to the conviction. This, of course, has no application here; but it shows the trend of legislative thought as to the point before us. Second, the other section (4945) has manifestly no application, since this is not a judgment for property, real or personal, and damages, in the sense meant by that section. How, now, do the authorities stand?

We have in our state but one decision on the subject, *Meaders* v. *Gray,* 60 Miss., 400, 45 Am. Rep., 414. But that was an appeal from an equity decree, and is not here in point. We have carefully examined all the authorities cited by the very excellent briefs on both sides. We have found several cases apparently maintaining the proposition that, when the plaintiff accepted money paid, he may still appeal, where the object of the appeal is simply to have a judgment modified by increasing his demand, as where sufficient damages had not been allowed, or

where proper interest had not been allowed. But every one of these cases was either under a statute, as in Kentucky, Nevada, and Iowa, and possibly other states; or, secondly, where there had been a concession in the pleadings that the amount received by the plaintiff was due to him; or, thirdly, where the cases were in equity; or, fourth, in cases where the court by its judgment itself required the successful party to do certain things as the condition of entitling him to the benefit of the judgment; or, fifth, where there was reference to matters clearly severable, as in the case of accounts wherein different items were passed upon, allowed, and disallowed by the receiver, or a master, or a referee—all cases equitable in their nature; or, sixth, where the case was of a peculiar nature, as, for example, where the amount awarded in a partition proceeding to the plaintiff was the proceeds of his own property, so recognized in the pleadings, as in the case of *Mellen* v. *Mellen*, 137 N. Y., 603, 33 N. E., 545. But owing to the large number of states in which the distinction between equity and common law has been abolished, where the same court administers both equitable and common-law jurisdiction, a practice wholly foreign to this state, great care and nice discrimination are required in order to determine whether any cited authority is authority for us under our system.

Recurring to the judgment in this case, it will be noted that it is a judgment in an action at law in which no equitable feature was involved. That judgment is an entirety. The case of *Glover, etc.,* v. *St. Croix County,* 71 Wis., 317, 36 N. W., 864, seems directly in point. There the action was to have certain taxes declared void. The court found some $1,800 to be valid, and $314 to be invalid. The plaintiff paid the required sum, $1,800, into court, and the court adjudged that sum to be in full payment and satisfaction and discharge of all taxes. This money was paid over, on an order procured to that effect, to the county treasurer, who gave his receipt therefor. The parties who received the money subsequently appealed, and the court

said this: "The appeal is 'from the whole and every part of the judgment.' The counsel for the plaintiff insists that the defendants, by accepting the money, waived their right to appeal from the judgment. We think this position is correct, and that the appeal must be dismissed. The case comes fully within the principles decided in *Cogswell* v. *Colley*, 22 Wis., 399; *Flanders* v. *Merrimac*, 44 Wis., 621; *Bennett* v. *VanSyckel*, 18 N. Y., 481; *Murphy* v. *Spaulding*, 46 N. Y., 556; *Carll* v. *Oakley*, 97 N. Y., 633. These decisions go upon the ground that a party cannot proceed to enforce and have the benefit of such portions of a judgment as are in his favor and appeal from those against him; in other words, that the right to proceed on a judgment and enjoy its fruits, and the right to appeal therefrom, are totally inconsistent positions. The election to pursue one course must be deemed an abandonment of the other. Here the plaintiff paid all the taxes which it was adjudged it should pay as a condition to enjoining those which the court held illegal. The defendants have seen fit to apply for and accept the money thus paid. By complying with the provisions of the judgment, the plaintiff is forever estopped from questioning the legality, either in law or in equity, of the taxes paid. The defendants' contention is that all the taxes levied upon the plaintiff's lands in 1883 should be held valid in equity. If they desired to appeal from the judgment which held illegal a portion of those taxes, they should not have accepted the money paid into court, which was adjudged to be in full satisfaction of all the taxes in controversy. The defendants seek to receive and retain those taxes which the court held valid and just, and to enforce the collection of the taxes which the court held illegal. The provisions of the judgment are connected and dependent. As the defendants have accepted all that is of benefit to them, they should not at the same time ask to have the whole judgment reversed. Such a course is not open to them. The correctness of this view is fully demonstrated by the reasoning in the cases above cited, and we are

relieved from any further discussion of the question. The learned counsel for the defendants says the taxes were ordered to be paid into court for the use of the defendants; that they belonged to the county, which was justly entitled to them; and that no condition was annexed to the acceptance of the money by the defendants. It is true that the judgment does not provide that, if the defendants apply for and accept the money paid into court, this shall be a waiver of the right to appeal from the judgment. But the authorities above cited show that the law attaches that consequence to the acts of the defendants; that it will not allow them to enforce a right conferred by the judgment and at the same time prosecute an appeal from it. The acceptance of the money, under the circumstances, must be referred to the defendants' right to it under the judgment, and cannot be considered as a voluntary payment by the plaintiff, but as a payment in pursuance of the judgment. The defendants were not obliged to accept the money. They might have let it remain in court until the litigation was terminated; but they chose to apply for and receive it, thus indicating, in a most positive manner, a purpose to assert and claim all the benefit the judgment gave them. To sustain the appeal, under the circumstances, would 'be contrary to that just principle which forbids one from claiming under, and at the same time repudiating, any instrument.' " It will be observed that there, as in this case, the appeal was from the whole and every part of the judgment. Let it also be noted that there the court said the provisions of the judgment were connected and dependent. That is also the case here, since the thirty per cent. damages could not possibly have been allowed unless there had been a judgment for the principal amount of taxes. In the case of *McCalley* v. *Otey,* 103 Ala., 472, 15 South., 946, the appeal was from a decree of the chancery court, and, besides, the court said, "under no circumstances could the appellant be entitled to less than that decreed," and because of these two reasons the motion to dismiss the appeal was held not good.

The strongest case against the plea in bar is the case of *New Rochelle Gas & Fuel Co.* v. *Charles Van Benschoten,* 47 App. Div., 447; 62 N. Y. Supp., 398. But that was a proceeding equitable in its nature, the appeal being from a judgment founded on a report of a referee. The court rests its opinion upon the same proposition upon which the supreme court of Alabama proceeded—that in any event the plaintiff was entitled to retain the sum he had received, and that the only question that could be raised on appeal was whether he was entitled to recover more, citing *Monnet* v. *Merz,* 60 N. Y. Super. Ct., 256, 17 N. Y. Supp., 380. But this authority is inapplicable here for two reasons: First, this cited case of *Monnet* v. *Merz* expressly held that an appeal could not be prosecuted from a judgment in toto after the plaintiff had collected the amount of it; and, secondly, *Monnet* v. *Merz* was an appeal from an award by a referee on disconnected and distinct items, in its nature an equitable proceeding. The case, cited by this court in *Meaders* v. *Gray,* 60 Miss., 400, 45 Am. Rep., 414, of *Erwin* v. *Lowry,* 7 How. (U. S.), 172, 12 L. Ed., 655, was also, as stated by the court, a suit which partook more of the nature of an equity than a law suit, and is in other respects clearly distinguishable from this case, as shown by learned counsel for the appellee. So the appeal of the commonwealth, in the *Matter of Wm. Fagely, deceased,* was an appeal from a decree of the orphans' court, in its nature an equitable proceeding. That was a case where various exceptions had been filed; but one of the exceptions, the sixth, had been reversed, and there was no agreement by the parties that the decision of the court on that exception should be final. Mr. Freeman, in his learned note to the case of *Clark* v. *Ostrander* (N. Y.), 13 Am. Dec., 548, 549, states the general rule to be that the appellant, in this sort of a case, is barred, and then very pertinently adds: "And it was held in *Benkard* v. *Babcock,* 2 Rob. (N. Y.), 175, that even in the case of a judgment at law the prevailing party, after having accepted the amount of the verdict, might appeal on the ground of

its insufficiency; and that such acceptance amounted to no more than the acceptance of a part of his claim before judgment would have done. But in such a case, if the appellate tribunal cannot try the cause *de novo* [as we cannot], and can only reverse the judgment and remit the parties to the court below, we have the inconsistency of a party undertaking to claim the benefit of the judgment and at the same time attempting to set it aside as erroneous." This criticism of Mr. Freeman is a shot through the center of the target. This court has nothing but appellate revisory jurisdiction. All we could possibly do in this case under our procedure would be, in case of error, to reverse the judgment and remand the cause for a new trial in the court below.

The learned counsel for appellant insists earnestly that he only appealed from that part of the judgment disallowing the penalty, and that all that he seeks here is, not a reversal of the judgment, but a modification of it; but he is plainly in error when reference is had to the proceedings on appeal. His appeal is prosecuted from the whole judgment as an entirety—a judgment, the provisions of which are dependent one upon another. Besides, if we were to pursue the course he indicates, in the face of our procedure, and reverse a law judgment which is an entirety, and hold that the thirty per cent. penalty should have been allowed, going even that far, we should still be compelled, under our practice, not to enter a judgment here by way of modification for the penalty alone, but to reverse and remand the cause for a new trial. We are dealing with a judgment at law, an entire thing, which has been appealed from as an entirety.

In view, therefore, of the case made by the record, and in view of the wide distinction between the equity and common-law procedure as to this court's power in reversing an equity decree and a judgment at law, and in view of the absence of any statute such as exists in Kentucky and other states, we are constrained to hold that the plea in bar is well taken. It might be well for the legislature to provide by statute that this court

should have the power to affirm in part and reverse in part, as justice might require, where the appeal is from a judgment at law; but in the absence of such a statute, we are held down to the well-settled rule indicated in appeals from judgments of courts at law.

The plea in bar is *sustained* and the *appeal dismissed.*