THOMAS et al. *v.* FLEMING

No. 41787          April 17, 1961          128 So. 2d 854

*Huff & Williams,* Meridian, for appellants and cross-appellees.

*Williams & Williams,* Poplarville; *J. E. Stockstill,* Picayune; *Williamson & Smith,* Meridian, for appellee and cross-appellant.

ETHRIDGE, J.

This litigation resulted from a collision which occurred in the State of Louisiana, between cars driven by appellee, George Fleming, and by appellant, William Thomas. Fleming filed the suit in the Circuit Court of Lauderdale County against Thomas and his principal, St. Louis Hide Company, Inc., for personal injuries. The jury returned a verdict for plaintiff in the sum of $62,500. The Circuit Court ordered a new trial, unless a remittitur of $15,000 should be entered by plaintiff. Fleming accepted "over protest" the remittitur, and a final judgment of $47,500 was rendered for him.

■■ ■ We will dispose first of plaintiffs cross-appeal. The jury's verdict was rendered on April 19, 1960. On April 29 defendants filed a motion for a new trial. The court's order of May 7, the last day of the term, recited that the damages awarded by the jury were excessive by $15,000, and that a new trial would be granted for the assessment of damages only "unless said remittitur is acceptable to plaintiff; and the plaintiff over protest having accepted said remittitur," the court ordered that he should recover from defendants the sum of $47,500. On cross-appeal Fleming argues the original verdict was amply supported by the evidence, and it was error for the trial court to reduce it by means of an alternative order for a new trial.

Plaintiff had three choices when the court announced its decision to order a new trial on damages unless a remittitur was accepted: He could refuse to accept, and try the case again on damages; he could elect to appeal from the order granting a new trial, under Miss. Code 1942, Sec. 1536; or he could accept the remittitur. Plain-

tiff decided to follow the latter course, and cannot now complain of his action in that respect. After a plaintiff has accepted the proposed reduction of a verdict under an alternative order for a new trial, he has no right to repudiate the transaction on the ground the court was in error in disturbing the verdict. 39 Am. Jur., New Trial, Sec. 213; 66 C. J. S., New Trial, Secs. 207a, 209b and h; Anno., 39 L. R. A. (NS) 1071. This rule is well established in Mississippi, as well as elsewhere. Alabama and V. Railway Co. v. Davis, 69 Miss. 444, 13 So. 693 (1891); Commercial Credit Co. v. Spence, 185 Miss. 293, 184 So. 439 (1938). The fact that the court acted on defendants' motion for a new trial on the last day of the term does not affect the validity of the order. Plaintiff elected to follow one of three available courses, acceptance of the remittitur, and is bound by that action. Hence the case is affirmed on the cross-appeal.

In the direct appeal, there was sufficient evidence, as appellants concede, to make a jury issue on the negligence of Thomas. Hence on the issue of liability of appellants, the verdict will be affirmed. However, because of two errors in matters pertaining to damages, the judgment as to damages only will be reversed and remanded for a new trial on that issue.

▮▮▮ Defendants offered as a witness in their behalf Jerry Black, a general investigator employed by a commercial service. He testified that on April 16, 1959, about three and one-half months after appellee was injured, he made an investigation, at the instance of defendants, with respect to plaintiff's physical condition; that on that morning plaintiff drove his car, in the company of another man, to a certain lot, and plaintiff, who said he had been a part-time automobile mechanic, crawled under the car and disassembled some parts from it, bending, stooping and crawling to do the mechanic's job. Plaintiff's principal asserted injury is a herniated intervertebral disc, which he claims makes it impossible for him to bend

over or even to dress himself. Black narrated in detail what he allegedly saw plaintiff doing on that occasion, and stated that he took motion picture photographs of plaintiff engaging in those activities. He identified and authenticated certain film in two boxes, as being that which he took.

After a recess, and in the absence of the jury, plaintiff's counsel made a lengthy objection to the introduction in evidence of this film, quoting from a dissenting opinion in Metropolitan Life Ins. Co. v. Wright, 190 Miss. 53, 199 So. 289 (1940). Still in the jury's absence, further authentication of the two rolls of film was made by the witness, Black, who testified there had been no splicing, deletions or additions to it; and that he had considerable experience in taking moving pictures. Plaintiff's counsel cross-examined Black in detail as to his authentication of this evidence. The court then viewed the pictures out of the presence of the jury. Over plaintiff's objection, after extended discussion, the court ruled the film was admissible and could be shown to the jury.

The jury returned and defendants' counsel proceeded to authenticate the film over plaintiff's objections. The court again ruled it was admissible. Thereafter, plaintiff's counsel proceeded to restate his grounds of objection, before the jury, over the protest of defendants' counsel. He again detailed his objections, paraphrasing the dissenting opinion in the *Wright* case. The court overruled them. However, defendants' objections to these statements of plaintiff's counsel were improperly overruled.

There had previously been a lengthly and thorough consideration by the court, in the absence of the jury, of these grounds of objection, in which plaintiff utilized fully his right to state them. After the jury returned, it was entirely improper for plaintiff's counsel to again restate those same objections and his argument that the film was susceptible of being falsified because of various

possibilities. The court had already ruled on the admissibility of this evidence. Restatement by plaintiff's counsel of these objections, after the jury returned, was in the nature of an argument to the jury on matters of law already passed upon by the court. It was error for him to do this, after the court had already ruled on the admissibility of the evidence. After the court has passed on a question, it is improper for counsel who has lost on that issue, to continue to press it in the presence of the jury. This is particularly so in this instance, since the film offered by defendants was a major part of its defense and claim that plaintiff suffered no substantial injury from the accident. We think this occurrence was prejudicial error.

In rebuttal for plaintiff, Harry Revell, a professional photographer, testified as to the various methods by which a film can be distorted, cut or otherwise falsified. There was no error in this. However, this witness was offered by plaintiff to discredit the film allegedly made of the plaintiff by Black. It was important testimony. On cross-examination, Revell admitted that he was in no position to state that this particular film was falsified. He said he would have to examine it inch by inch and could then give an opinion. Defendants' counsel tendered the film to him for examination, to which plaintiff's objection was sustained by the court. This was error. Defendants' counsel then again submitted the film for inspection and examination "for the court and the jury". Defendants should have been permitted to thoroughly cross-examine this witness to determine whether in his opinion the film had been fraudulently composed. The witness said he could determine that by examining it, and defendants attempted to get him to do it. It was prejudicial error to thus limit cross-examination of this witness on this important issue, the trustworthiness of the film.

For these two prejudicial errors occurring in the trial, both of which pertained to the quantum of damages, namely, reargument by plaintiff's counsel of objections to the film in the presence of the jury, after the court had overruled previous objections, and the undue limitation of Revell's cross-examination, the judgment is reversed as to damages only, and remanded for a new trial on that issue. Defendants did not ask for an instruction on plaintiff's duty to minimize damages, so it is not necessary for us to pass on that contention of appellants.

On direct appeal, affirmed as to liability and reversed and remanded for a new trial on issue of damages only; on cross-appeal, affirmed.

*McGehee, C. J.,* and *Kyle, Arrington, and Gillespie, JJ.,* concur.