HENDRY, Judge.
Appellee, Catherine Maguire, sued appellant, Priscilla Dargis, for malicious prosecution and was awarded $450.00 compensatory damages and $2,000.00 punitive damages by a jury. Appellant’s motion for a new trial was denied subject to a remittitur *898 of $500.00 of the punitive damage award. Appellee agreed to the remittitur and the trial court entered an order stating that such compliance “shall not be deemed to be a waiver or estoppel on her part insofar as her right to cross assign as error (in any subsequent appeal) that portion of the order * * * which directed the plaintiff to enter the said remittitur”.
Defendant appeals from the judgment entered in favor of the plaintiff and the plaintiff cross assigns as error the order of re-mittitur.
Appellant, Priscilla Dargis, as landlord, rented an apartment to appellee, Catherine Maguire, under a month to month oral lease commencing February 7, 1960. Appellee paid the first month’s rent on February 7, 1960 and as of March 16, 1960 had failed to make the second rental payment, which was past due.
On March 6, 1960, appellant removed from the apartment the lamps and blankets which had been provided with the apartment. On March 16, 1960, while appellee was out of her apartment doing some shopping, appellant removed some of appellee’s personal belongings from the apartment and changed the lock on the door. Upon her return, appellee broke a jalousie slat and regained entrance to the apartment for herself and her aged mother.
Appellant immediately went to the Miami Beach Municipal Court and charged appel-lee, Maguire, with unlawfully breaking and entering appellant’s dwelling house without her permission and consent. At about 6:00 P.M.- on the same day, appellee was arrested, photographed, fingerprinted and released about four hours later. Appellee and her mother thereupon picked up their personal belongings and moved into a hotel.
Two days later appellee was tried in the Municipal Court on the breaking and entering charge and found not guilty. Appellee’s action for malicious prosecution followed.
We are not called upon to decide which of the parties had a right to possession of the premises and what civil remedies were available to each of them under the circumstances. The only issues before us are (1) whether there was substantial competent evidence from which a jury could find that the appellant instituted the criminal proceeding without probable cause and with malice[1] and (2) whether the appellee can question the propriety of the trial judge’s order requiring a remittitur of $500.00.
 With regard to the first issue, we hold that there was sufficient evidence before the jury to support their finding that the defendant instituted criminal proceedings against the plaintiff without honest reasonable belief in the plaintiff’s guilt and with a vindictive motive. The record further reveals that while the defendant stated as a defense that she had acted upon the advice of legal counsel, her statement was unsupported and contradicted previous statements made by her under oath. It was also not clearly established that her attorney, if she had one, was given a full, complete and correct statement of the material facts.[2] Thus, the trial judge correctly submitted the question to the jury.
As to the appellee’s cross claim, we hold that the appellee, by electing to remit as an alternative to the granting of a new trial, can not now complain of the action of the trial court in requiring the remittitur. Her acceptance of the remittitur could not be conditional and she was bound by that action.[3] The trial judge could not confer upon her the right to appeal from the re- *899 mittitur order which she voluntarily accepted.
Accordingly, the judgment appealed is affirmed.
Affirmed.

. See Tatum Bros. Beal Estate & Investment Co. v. Watson, 92 Pla. 278, 109 So. 623.

. See Duval Jewelry Co. v. Smith, 102 Fla. 717, 136 So. 878; Lewton v. Hower, 35 Fla. 58, 16 So. 616.

.See Seaboard Air Line R. Co. v. Martin, Fla.1952, 56 So.2d 509; Florida East Coast Ry. Co. v. Buckles, 83 Fla. 599, 92 So. 159; Thomas v. Fleming, 241 Miss. 21, 128 So.2d 854; 66 C.J.S. New Trial § 209b. and h.