511 So.2d 1379 (1987)
INVESTORS PROPERTY MANAGEMENT, LTD. and Henry B. Barber, Individually,
v.
WATKINS, PITTS, HILL & ASSOCIATES, a Partnership, and Patricia J. Wild, Executrix of the Estate of Richard A. Wild, Deceased.
No. 57480.
Supreme Court of Mississippi.
August 19, 1987.
*1380 Michael S. Allred, Edwin Y. Hannan, S. Craig Panter, Satterfield & Allred, Jackson, for appellant.
Stephen W. Rimmer, Jeff D. Rawlings, Young, Scanlon & Sessums, Jackson, for appellee.
Before ROY NOBLE LEE, P.J., and PRATHER and ROBERTSON, JJ.
ROBERTSON, Justice, for the court:
We are today presented questions regarding the distinction between an order for remittitur or, in the alternative, for a new trial, on the one hand, and a partial judgment for reduction of damages notwithstanding the verdict of the jury, on the other. We are likewise presented questions concerning the effect upon an appeal of payment of an unappealed from portion of a monetary judgment.
It appears that Investors Property Management, Ltd. and Henry B. Barber, individually, had brought a civil action in the Circuit Court of Hinds County, First Judicial District, against Watkins, Pitts, Hill & Associates, an accounting firm operating as a partnership, and Patricia J. Wild, executrix of the Estate of Richard A. Wild, deceased. On September 17, 1985, a Circuit Court Jury returned a verdict in favor of Plaintiffs Investors and Barber and against Defendants, jointly and severally, in the sum of $333,697.00. Final judgment was entered thereon.
Thereafter, Watkins, Pitts timely filed a motion for judgment notwithstanding the verdict, or, in the alternative, for a new trial, or, in the alternative, for a remittitur. In a series of opinions and orders, the Circuit Court excised a portion of the damage award and ultimately, on April 15, 1986, entered final judgment in favor of Plaintiffs Investors and Barber and against Watkins, Pitts for $107,814.45, plus interest and costs. The April 15, 1986, order referred to the $255,882.55 reduction in the original judgment as "a remittitur" and provided that the reduced judgment was being entered "in lieu of a new trial." Nothing in the order directed a new trial in the event the Plaintiffs refused to accept the remittitur.
Thereafter, Plaintiffs Investors and Barber gave their notice of appeal, indicating in effect that they intended to seek appellate restoration of the full judgment to the original sum of $333,697.00. On April 25, 1986, Investors and Barber filed a "Response To Ruling On Remittitur," taking the position that the order of April 15, 1986, was not a true remittitur in the sense that they had "never been given an election to accept or reject the remittitur on condition of a new trial." Investors and Barber nevertheless stated in this Response that they "reject the remittitur."
We come now to the matters presently pending before this Court. Watkins, Pitts has filed a motion to docket and dismiss appeal or, alternatively, to enjoin execution on the $107,814.45 final judgment. Investors and Barber have filed a motion that they be allowed to accept payment upon judgment without prejudice to their appeal. These motions, coupled with the posture of the case as explained above and to be discussed below, present a rather novel situation.
*1381 Watkins, Pitts' motion to docket and dismiss is predicated upon the assumption that there is no final appealable order in the Circuit Court. This, according to Watkins, Pitts, is because the remittitur was rejected. The problem is that the order of the Circuit Court is not an order for remittitur either in form or substance. The formal deficiency is the absence of a conditional order for a new trial. In the ordinary case such an order for remittitur provides that the judgment be reduced to a given amount upon the condition that, if the plaintiff accepts that reduction, the judgment is final, but that, in the alternative, if the plaintiff rejects the remittitur, then the order is treated as one for a new trial. In the latter event, the matter is available for a new trial on the question of damages only.
There is a more fundamental problem. In spite of the use of the word "remittitur," a combined reading of the various opinions and orders of the Circuit Court, beginning with the original opinion of November 18, 1985, through the final order of April 15, 1986, makes clear that what the Circuit Court has done has been to enter judgment for Watkins, Pitts and against Investors and Barber with respect to a portion of the jury's verdict, to-wit: $225,882.55, notwithstanding the verdict of the jury.
A few basics. There are two entirely separate and distinct forms of procedural post-verdict attack on the amount of a jury award. A motion by the unsuccessful party which argues that the evidence is in whole or in part legally insufficient to undergird the verdict returned is referred to as a judgment notwithstanding the verdict. See Rule 50(b), Miss.R.Civ.P.; Adams v. Green, 474 So.2d 577, 582 (Miss. 1985); Stubblefield v. Jesco, Inc., 464 So.2d 47, 54-55 (Miss. 1984); Jesco, Inc. v. Whitehead, 451 So.2d 706, 713 (Miss. 1984) (Robertson, J., concurring).
On the other hand, we have motions which go to the weight of the evidence. Such motions argue that the verdict of the jury should be set aside and a new trial ordered because, as a rule, though the evidence be legally sufficient to withstand a motion to j.n.o.v., the verdict was nevertheless against its weight. Therefore, in the interest of justice, the movant says that a new trial should be ordered. Such motions are addressed to the sound discretion of the trial court and require a lesser showing before they can be sustained than the motion for j.n.o.v. See Rule 59, Miss.R.Civ.P.; Thornhill v. Wilson, 504 So.2d 1205, 1209 (Miss. 1987); Anchor Coatings, Inc. v. Marine Industrial Residential Insulation, Inc., 490 So.2d 1210, 1215 (Miss. 1986); Clark v. Columbus & Greenville Railway Co., 473 So.2d 947, 950 (Miss. 1985); Houston v. Page, 208 So.2d 901, 903-05 (Miss. 1968).
Either of these motions may be made and granted with respect to less than all of the issues in the case. For present purposes, such motions may be made and granted with respect to damages only or, as is the case here, with respect to a portion of damages.
Where the evidence is insufficient as a matter of law to sustain a jury's award, final judgment is entered in favor of the moving party on the damages issue presented notwithstanding the verdict of the jury. A motion for remittitur, however, is a species of motion for a new trial. Where a remittitur is ordered, however, it is a part of a conditional grant of a new trial.
The proper course for the Circuit Court to have taken, if it had merely considered the jury verdict excessive, would have been to grant Watkins, Pitts' motion for a new trial, conditioned upon the right of Plaintiffs to accept a remittitur. Miss. Code Ann. § 11-1-55 (Supp. 1985); see Shoppe v. Applied Chemicals Division, 418 So.2d 833, 834 (Miss. 1982) (trial court ordered remittitur or new trial on issue of damages if plaintiffs declined to accept remittitur); Thomas v. Fleming, 241 Miss. 26, 128 So.2d 854, 855 (1961) (circuit court ordered new trial unless plaintiff accepted remittitur); Mississippi State Highway Commission v. Rogers, 271 So.2d 731 (Miss. 1973) (lower court ordered new trial unless defendant accepted additur). If it were *1382 holding Plaintiffs' proof on certain elements of damages inadequate as a matter of law, an order for a new trial on damages would have been legally unnecessary.
For present purposes we look to the nature of what the Circuit Court did in order to determine which label should be affixed to it: partial judgment notwithstanding the verdict or remittitur/new trial. The substance of the Circuit Court's opinions and orders controls the label to be affixed, not vice versa.
Starting with the opinion of November 18, 1985, as subsequently amended, we find the Circuit Court recites the jury's verdict of $333,697.00, and then proceeds to find and hold the evidence insufficient as a matter of law with regard to (a) a payment to Internal Revenue Service of $31,466.71; (b) misappropriations prior to the Watkins, Pitts audit; (c) damages for income lost in the past; (d) loss of future profits; (e) interest on sums Investors and Barber borrowed to meet obligations; and (f) recovery on fidelity bond. On these items, the Circuit Court held that as a matter of law Investors and Barber were not entitled to recover from Watkins, Pitts. Again, this was either because the evidence was insufficient as a matter of law or, put otherwise, taking all the facts as true, as a matter of law these were not recoverable items of damages.
Considered against the backdrop of the original final judgment of $333,697.00, these findings, coupled with the April 15, 1986, order, may only be interpreted as a determination that, with respect to $225,882.55 of the original judgment, Watkins, Pitts was granted judgment in its favor as a matter of law notwithstanding the verdict of the jury. The reference in the April 15, 1986, order to this reduction as "a remittitur" and as being "in lieu of a new trial" does not change the essential character of the findings nor the label which in law we ought affix. Further, the glaring absence of any order for a new trial, should Investors and Barber reject the remittitur, reinforces our conclusion that the correct reading of the April 15, 1986, order is that it is a judgment notwithstanding the verdict.
Our posture then is as follows: there is a final judgment in effect in the Circuit Court of Hinds County that Plaintiffs Investors and Barber have and recover from the Defendants the sum of $107,814.45. Plaintiffs have given notice of appeal indicating their intention to seek restoration of all or part of the $225,882.55 which the Circuit Court struck from the jury verdict and the original judgment. No cross-appeal has been filed by Watkins, Pitts.[1]
Here we come to Investors' and Barber's motion for payment of judgment. Important is the fact that there has been no order or supersedeas with respect to the $107,814.45 final judgment. Investors and Barber have pursuant to that judgment sued out a writ of garnishment against North River Insurance Company, the professional liability insurance carrier for Watkins, Pitts. North River has answered admitting that it is subject to paying the judgment in full and has indeed tendered into the registry of the court its check in the amount of $117,148.53 representing the amount of the judgment plus interest then accrued. Investors and Barber obviously want this money.
Watkins, Pitts has taken the position that acceptance of this sum, and, even, suing out of the writ of garnishment *1383 amounts to acceptance of a full satisfaction of the judgment thus mooting the present appeal. By reason of the present posture of the case, however, the final judgment of $107,814.45 is in no way a part of the appeal. This Court has nothing before it which preserves anyone's rights to attack that portion of the judgment. That judgment is final, it has not been superseded and one liable therefor has tendered the proceeds into court.
In Adams v. Carter, 92 Miss. 579, 47 So. 409 (Miss. 1908), we stated:
We have found several cases apparently maintaining the proposition that, when the plaintiff accepted money paid, he may still appeal, where the object of the appeal is simply to have a judgment modified by increasing his demand, as where sufficient damages had not been allowed, or where proper interest had not been allowed. (Emphasis added)
Adams v. Carter, 92 Miss. at 590-91, 47 So. at 410.
This lawsuit became effectively severed by virtue of the April 15, 1986, order. Investors and Barber seek to appeal only that portion of the case which they lost below. This they are entitled to do without disturbing that portion of the case they won. Our appellate procedures allow them to so proceed. Investors and Barber are entitled to receive the proceeds tendered into court by North River Insurance Company without prejudice to the appeal they have perfected to seek reinstatement of all or a part of that portion of the original judgment which has been set aside. Adams v. Carter, 92 Miss. at 592, 47 So. at 411. As a caveat, however, we note that, notwithstanding their present entitlement to those funds, Investors and Barber will hold said funds subject to final judgment which may be entered on this appeal.[2]
In sum, Watkins, Pitts' motion to docket and dismiss appeal or, alternatively, to enjoin execution is overruled and denied. On the other hand, Investors and Barber's motion for payment on judgment is sustained.
MOTION TO DOCKET AND DISMISS OR, ALTERNATIVELY, TO ENJOIN EXECUTION, AS AMENDED, DENIED; PLAINTIFFS' MOTION FOR PAYMENT UPON JUDGMENT GRANTED.
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P.JJ., DAN M. LEE, PRATHER, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.
NOTES
[1] The papers before us give no indication that Watkins, Pitts has perfected any cross-appeal. We are told, however, that one may be forthcoming. Rule 48(e), Miss.Sup.Ct.Rules, provides that a cross-appeal should be taken by filing notice of such within fourteen days after the first notice of appeal was filed. Investors and Barber filed their Notice of Appeal on May 15, 1986. When rule 48 was promulgated, Moran v. Necaise, 437 So.2d 1222, 1225-27 (Miss. 1983), we inadvertently failed to repeal Rule 6(a) which in pertinent part provides

Cross-appeals may be taken without bond, by the appellee and cross-appellant by filing his cross-assignment of errors at the time the brief of appellee is due... .
Nothing said here should be taken as deciding or even hinting at whether Watkins, Pitts may now file a cross-appeal. Note should be taken that Rule 4(c), Mississippi Supreme Court Rules, effective January 1, 1988, carries forward the fourteen day time limit found in present Rule 48(c).
[2] See footnote 1, supra.