GEORGE COUNTY *v.* BUFKIN.

[78 South. 781, Division B.]

COUNTIES. *Claims. Allowance. Effect.*

> Under Code 1906, section 311, (Hemingway's Code, section 3684), requiring presentment of claims to the board of supervisors and providing for an appeal from their judgment, where plaintiff filed a claim for damages to a colt by dipping and the claim was allowed in part by the board and there was no appeal, such judgment of the board became final and plaintiff could not there-after sue for the full amount of his claim.

APPEAL from the circuit court of George county.
HON. J. H. NEVILLE, Judge.

Suit by E. M. Bufkin against George County. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*O. F. Moss,* for appellant.

*Sam. Whitman, Jr.,* for appellee.

ETHRIDGE, J., delivered the opinion of the court.

E. M. Bufkin was the owner of a colt in George county, and carried the colt to a dipping vat in said county to be dipped, and in the process of dipping the colt slipped and fell, and injured itself in such manner that it died during the day. Bufkin presented a claim for sixty dollars to the board of supervisors of George county in the spring of 1917. The board heard and allowed the claim to the amount of forty dollars. There was no appeal undertaken, and under the law as it then existed none would lie, because the amount of allowance under the law in force at that time was entirely discretionary with the board. Bufkin, however, some months after the account was allowed by the

board of supervisors as above stated, filed a suit in
the justice of the peace court for sixty dollars; said
suit being instituted about the 17th day of August,
1917.   The justice of the peace rendered judgment
against the county for sixty dollars, and the county
appealed to the circuit court of George county.   The
circuit court, to which this cause was returnable, held
a special term, called for the fifth Monday of October,
1917.   When the case came on for trial in the circuit
court, the plaintiff introduced evidence of the value
of the colt, showing it to be worth the sum of sixty
dollars.   It also appeared in Bufkin's evidence that he
was assisting in the dipping of the colt at the time it
was injured, and that he had previously been given
permission to use other methods of eradicating ticks
from this particular colt.   The county introduced no
evidence, insisting that there was no liability, and both
the county and the plaintiff requested peremptory in-
structions.   The circuit court gave a peremptory in-
struction for the plaintiff, and judgment was entered
for sixty dollars.   From this judgment the county ap-
peals here.

We held in the case of *Horton* v. *Lincoln County,* 77
So. 796, that there was no liability against the county
for injuries to stock in dipping, but that the act then
in force (prior to the enactment of chapter 38 of the
Laws of the Special Session of 1917), being chapter
222 of the Laws of 1914 (section 3806 and section 3807
of Hemingway's Code), that such statute was a mere en-
abling statute, empowering the board of supervisors in
their discretion to make an allowance for injuries
in such sum as in their judgment was right and proper
under the circumstances.   This action originated prior
to the passage of chapter 38, Laws Sp. Sess. of 1917,
and prior to the enactment of such statute the plain-
tiff had presented his claim to the board under chap-
ter 222 of the Laws of 1914, and had been allowed.

the sum of forty dollars by an order of the board of supervisors, which had the effect of a judgment binding the county and merging the cause of action in such judgment. Section 311 of the Code of 1906 (section 3684 of Hemingway's Code) provides that:

"A person having a just claim against any county shall first present the same to the board of supervisors for allowance, and if the board shall refuse to allow it may appeal from the judgment of the board to the circuit court, or may bring suit against the county, and in either case if such person recover judgment the board of supervisors shall allow the same and a warrant shall issue therefor."

The board did not refuse to allow the plaintiff's claim in the present case, but did not allow it in full. The judgment of the board is a judgment against the county for the amount of forty dollars, and, inasmuch as it was not appealed from, is final and binding upon the county. It follows from the above that the plaintiff had no right to sue the county when this suit was instituted, and that the judgment of the court in rendering the judgment against the county under the facts in this case was error. The appellee may apply to the board of supervisors, or the clerk thereof, and obtain a warrant for the forty dollars; but he had no standing in court on the record in this case, and the judgment of the court will be reversed, and the cause dismissed.

We do not deem it necessary to decide in this case whether it was within the power of the legislature, by the mere enactment of a statute, to create a liability against a county, when the acts upon which liability is attempted to be founded took place or occurred prior to the passage of the law. This question is argued, and presents a constitutional question, upon which we would desire more argument, and deem it unnecessary in this case to pass upon the question.

*Reversed and dismissed.*