MADISON COUNTY *v.* CITY OF CANTON.

(Division B. Dec. 17, 1934.)

[158 So. 149. No. 31487.]

H. B. Greaves, of Canton, for appellant.

W. H. & Robert H. Powell, of Canton, for appellee.

550

Argued orally by **H. B. Greaves**, for appellant, and by **W. H. Powell**, for appellee.

**Ethridge, P. J.**, delivered the opinion of the court.

The city of Canton presented a claim to the board of supervisors of Madison county for one-half of the ad valorem bridge taxes collected on property situated within the city of Canton. The board of supervisors allowed the tax for the year 1930, but disallowed the claim for the years 1928 and 1929. The city of Canton collected the allowance for the year 1930, and did not appeal from the order of the board of supervisors disallowing the claims for the years 1928 and 1929, but filed suit in the circuit court for the amount claimed for the years 1928 and 1929.

The county pleaded res adjudicata, setting up the order of the board of supervisors allowing the claim for 1930 and disallowing the other two years as the ground therefor. The city of Canton demurred to this plea, the demurrer was sustained, and, the county not pleading further, judgment was rendered in favor of the city of Canton for the two years' taxes, from which this appeal was prosecuted.

There was also an agreed statement of facts in the record by which the above facts appeared, and in which it was agreed that the city of Canton, prior to the year 1928, notified the county that it would expect and demand one-half of the ad valorem road and bridge taxes collected on property within the city of Canton, and also agreed upon the value of the property and the amount of taxes collected thereon, and that there had been no

settlement between the county and city for the city's proportionate part of the ad valorem road and bridge taxes collected for the years 1928, 1929, and 1930; and it was also agreed that the city of Canton filed its claim before the board of supervisors for said years, and that the allowance was made and paid for the year 1930, but the claims for 1928 and 1929 were rejected.

We think the court below erred in sustaining the demurrer to the plea of res adjudicata. The order of the board of supervisors allowing a judgment against the county is a judgment of a court created for that purpose, and such judgment is valid until reversed by an appellate court. Arthur, Clk., etc., v. Adam & Speed, 49 Miss. 404; George County v. Bufkin, 117 Miss. 844, 78 So. 781.

It is argued here that the case of George County v. Bufkin, supra, should not be controlling here, for the reason that in the case at bar there were three separate years for taxes collected, and that they were separable controversies, and that the acceptance of the order in favor of the city of Canton should not bar the city of its right to collect for the other years; that separate suits could have been filed in reference to said matter; and that, under section 253, Code of 1930, the city could maintain its suit for the amounts disallowed.

It is true that the claims could have been presented each year for the amount due, but that was not done. Here all the claims were presented at one time as a claim against the county, and was passed on in a single order by the board of supervisors. It is unquestionably true that the city could have joined all the claims in one suit, had the entire claim been rejected by the board, but the entire claim was not rejected, but was partly paid. As stated, this constituted a judgment of the board of supervisors, and should have been appealed from had the city been dissatisfied therewith. We think, therefore, that the case of George County v. Bufkin, supra, is applicable.

Had an appeal been taken from the whole judgment and the liability contested, the city would not have recovered anything, as the county did not have to divide the funds collected for bridges under a special, separate bridge levy. Panola County v. Town of Sardis (Miss.), 157 So. 579.

In addition, a party cannot accept a portion of a judgment favorable to him and appeal from that which is unfavorable in a court of law. If he accepts payment of an amount allowed, he will be bound by this as accepting the whole judgment, and an appeal, if taken, will be dismissed. Adams v. Carter, 92 Miss. 579, 47 So. 409, 16 Ann. Cas. 76; Parsons v. Rutherford, 84 Miss. 70, 36 So. 187; Kemper County v. Neville, 95 Miss. 56, 48 So. 727; 3 C. J. 679, sec. 552; 2 R. C. L., secs. 44, 45.

On the facts agreed to, as appearing in the record, the judgment of the court below will be reversed, and judgment rendered here in favor of Madison county.

Reversed, and judgment here for the appellant.