CARL S. ADAMS, Plaintiff-Appellee, *v.* JESSIE J. ADAMS, Defendant-Appellant.

Third District   No. 75-227

Opinion filed December 31, 1976.

Hatcher & Stafford, of Peoria (Jerry T. Stafford, of counsel), for appellant.

Gaskins, Sutkowski & Washkuhn Associates, of Peoria (Edward F. Sutkowski, of counsel), for appellee.

Mr. JUSTICE BARRY delivered the opinion of the court:

The plaintiff brought an action in the Circuit Court of Peoria County to obtain a divorce on the ground of extreme and repeated mental cruelty. The defendant counterclaimed for separate maintenance. The jury rendered a verdict for the plaintiff on the complaint for divorce and against the defendant on the complaint for separate maintenance. The court entered judgment upon those verdicts, and the defendant appeals. We affirm.

The record contains considerable testimony and there are many areas where the testimony is conflicting. Without restating the evidence in this opinion, we find that there is ample evidence from which the jury could find mental cruelty.

■■ The plaintiff moved to dismiss this appeal on the ground that the defendant accepted the benefits of the divorce decree. A litigant cannot attack a decree if, by reason of enjoying the benefits of the decree, the opposing party would be placed at a distinct disadvantage upon reversal. *Lemon v. Lemon* (1958), 14 Ill. 2d 15, 150 N.E.2d 608; *Gregory v. Gregory* (2d Dist. 1974), 24 Ill. App. 3d 436, 321 N.E.2d 122; *Kissin v. Kissin* (2d Dist. 1961), 29 Ill. App. 2d 126, 172 N.E.2d 635.

Under the divorce decree, the defendant was awarded the marital home and all the personal property therein. Although the marital home was in the name of the defendant-wife alone, it was subject to a mortgage and note executed by the plaintiff and defendant jointly, indicating that the plaintiff assisted in financing the marital home. Additionally, this conclusion is supported by the fact that the defendant was unemployed from 1955 until after the divorce.

Subsequent to the divorce decree, the defendant sold two pieces of personal property out of the marital home for $1,100. In addition, she sold the marital residence and purchased another residence for herself and the children, of which she had custody. As grantor in the warranty deed, the

defendant conveyed that property as a "divorced person who has not remarried." This action by the defendant clearly places the plaintiff at a distinct disadvantage if the divorce decree is reversed.

That the residence was deeded to the defendant alone is no defense. Section 17 of the Divorce Act (Ill. Rev. Stat. 1975, ch. 40, par. 18) allows a court, under a divorce decree, to compel the conveyance of property to its equitable owner. Furthermore, a reversal of the divorce decree would reinstate the plaintiff's homestead rights, which are prejudiced by the defendant's sale of the marital home.

■■ For these reasons, we hold that the appeal in this case was barred by the defendant-appellant's accepting the benefits of the divorce decree to the distinct disadvantage of the plaintiff. Because of this conclusion, we do not decide the issues of whether or not absence of provocation was proved or whether the instructions to the jury were proper.

Accordingly, the appeal from the Circuit Court of Peoria County is dismissed.

Dismissed.

STOUDER, P. J., and STENGEL, J., concur.