**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**James Allen COOPER, Defendant-Appellant.**

**No. 82SA454.**

Supreme Court of Colorado, En Banc.

May 2, 1983.

J.D. MacFarlane, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Joel W. Cantrick, Sol. Gen., Laura E. Udis, Asst. Atty. Gen., Enforcement Section, Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Jody Sorenson Theis, Deputy State Public Defender, Denver, for defendant-appellant.

NEIGHBORS, Justice.

The defendant appeals the judgment of the trial court denying him good-time credits for the period of his presentence confinement. We reverse and remand with directions.

## I.

The defendant was arrested on January 6, 1981, for a crime committed on that date. He was later charged with aggravated robbery, section 18–4–302(1)(a), C.R.S.1973 (1978 Repl.Vol. 8), and a crime of violence for sentence enhancement purposes, section 16–11–309, C.R.S.1973 (1980 Supp. to 1978 Repl.Vol. 8). On May 26, 1981, the defendant entered a plea of guilty to aggravated robbery and was sentenced to the Department of Corrections for a term of six years pursuant to the parties' plea agreement. He was given credit for 141 days of presentence confinement. The defendant filed a motion for post-conviction relief requesting good-time credits for the period of his presentence confinement. The motion was denied following a hearing.

## II.

On appeal the defendant argues that the trial court erred in denying his motion for post-conviction relief. He bases his claim on section 17–22.5–101, C.R.S.1973 (1980 Supp. to 1978 Repl.Vol. 8), and equal protection principles, asserting that denial of presentence good-time credits discriminates against defendants who, like him, are indigent and unable to post bail. In light of our recent decision in People v. Turman, 659 P.2d 1368 (Colo.1983), holding that there is no constitutional right to good-time credits for presentence confinement, we need not address the defendant's constitutional argument.

We turn instead to our decision in People v. Chavez, 659 P.2d 1381 (Colo.1983), which is dispositive of this case. There we held that the defendant has a statutory right to presentence good-time credits under section 17–22.5–101, C.R.S.1973 (now in 1982 Supp. to 1978 Repl.Vol. 8). At the time the defendant in this case was sentenced, section 17–22.5–101, C.R.S.1973 (1980 Supp. to 1978 Repl.Vol. 8), provided:

"**Good time.** Each person sentenced for a crime committed on or after July 1, 1979, whose conduct indicates that he has substantially observed all of the rules and regulations of the institution or facility in which he has been confined and has faithfully performed the duties assigned to him shall be entitled to a good time deduction of fifteen days a month from his sentence. The good time authorized by this section shall vest quarterly and may not be withdrawn once it has vested. No more than forty-five days of good time may be withheld by the department in any one quarter. No person subject to the good time credits of article 20 of this title shall be eligible for any good time deduction authorized by this article."

The parties stipulated that the defendant was unable to post bail solely because of his indigency. However, the record in this case does not indicate the nature of the defendant's conduct while he was incarcerated in the Lincoln County Jail awaiting trial. Therefore, we are not in a position to determine whether the defendant is entitled to good-time credits for his presentence confinement.

## III.

The ruling of the trial court is reversed. This case is remanded to the trial court for further proceedings consistent with those outlined in People v. Chavez, supra.