**Mark HELFRICH, Plaintiff-respondent,**

v.

**Robert LITKE, Defendant-appellant.**

**No. 54665.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Feb. 7, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 8, 1989.

Kayla Vaughan, Stan Platke, St. Louis, for defendant-appellant.

Patrick R. Gunn, St. Louis, Sharon Ruth Wice, Creve Coeur, for plaintiff-respondent.

PER CURIAM.

Appellant-defendant Robert Litke appeals from judgment of St. Louis Circuit Court which ordered specific performance of a contract for the sale of real estate. Pursuant to the contract appellant was to sell his property at 519 Dover Place to plaintiff-respondent Helfrich by noon of April 30, 1986. Respondent was to pay appellant $25,000 or the appraised value, whichever was lower. An appraisal was never completed. On April 18, 1986, appellant deeded the property to James Walling.[1] On April 30, 1986, respondent appeared at the offices of Ticor Title to perform his part of the contract. Appellant did not appear.

Respondent brought an action against appellant and Walling for specific perform-

---

**1.** Walling was also a named defendant in the circuit court proceedings. Walling filed a notice of appeal in this court and his appeal was ordered consolidated with appellant's appeal.

Walling has failed to further pursue this appeal or file a brief. He has therefore abandoned his appeal. Rule 84.08.

ance of the contract. The trial court ruled that the contract executed by the parties was a valid, specifically enforceable contract for sale of real estate. The court further found that Walling was not an innocent purchaser for value without notice. The court assessed plaintiff's damages for loss of rent at $5,500. The court ordered appellant and Walling to convey the property to respondent. The court later amended the order, directing respondent to pay appellant and Walling $25,000 for the property.

Appellant was unable to post the supersedeas bond pursuant to the court's order. On March 6, 1988, respondent deposited $19,500 with registry of the Circuit Court ($25,000 purchase price less $5,500 damage award). On May 11, 1988, appellant and Walling delivered an executed warranty deed for the property to respondent's attorney. On May 20, 1988, appellant applied for and withdrew the full $19,500 from the court's registry.

Respondent argues on appeal that the contract at issue has been fully performed by the parties rendering the appeal moot. *See Koch v. Board of Regents of Northwest Missouri State College*, 265 S.W.2d 421, 424–25 (Mo.App., K.C.D.1954). Respondent urges us to dismiss appellant's appeal based upon mootness. Inherent in this argument would be appellant's voluntary conveyance of the property and voluntary acceptance of the sale proceeds. We cannot agree with respondent's contention that appellant voluntarily deeded the property to respondent. Thus the principle set forth in *Koch* does not apply.

■ Respondent also points us to *Hull v. Hull*, 591 S.W.2d 376 (Mo.App., K.C.D. 1979). In *Hull*, the court of appeals stated:

As a general rule, a litigant who voluntarily accepts the benefits of a judgment cannot afterwards prosecute an appeal to reverse it. The right to enjoy the fruits of a judgment and the right to attack it on appeal are inconsistent and an election to pursue one course is an abandonment of the other.

*Id.* at 379 (citations omitted). Other jurisdictions follow this rule. *See, e.g., Schup-*

*pener v. Bruno*, 395 So.2d 1234, 1235 (Fla. Dist.Ct.App.1981); *Adams v. Adams*, 44 Ill.App.3d 656, 3 Ill.Dec. 336, 337, 358 N.E. 2d 734, 735 (1976); *McDaniel v. Jones*, 235 Kan. 93, 679 P.2d 682, 690–91 (1984); *Scott v. Cascade Structures*, 100 Wash.2d 537, 673 P.2d 179, 181 (1983). There are two generally recognized exceptions to this rule. First, if reversing the judgment could not possibly affect the benefit which the appellant has accepted, he is not precluded from appealing. *River & Beach Land Corp. v. O'Donnell*, 632 S.W.2d 885, 888 (Tex.Ct.App.1982). Second, the economic circumstances of the appellant may render the acceptance of the benefit involuntary. *Id.*

■ The first exception does not apply to the case at bar. Appellant asserts the second exception. Appellant argues that he did not voluntarily accept the $19,500 because he was forced, in effect, to withdraw the funds in order to comply with the parties' consent agreement for appellant to vacate the premises. There is nothing on the record, however, to indicate that appellant did not voluntarily accept the benefits of the judgment. Appellant's argument would be more persuasive had he not withdrawn the entire $19,500 or had there been some showing on the record that appellant was forced under the circumstances to withdraw the entire amount. Appellant's contention that the above-mentioned principles do not apply to the case at bar because appellant was a defendant and judgment was entered against him is unsupported by citation and equally without merit. Although the judgment may be generally against him, if a defendant accepts money under the judgment which may be jeopardized by the appeal, his appeal will be dismissed. *See* Annotation, *Right of Appeal from Judgment or Decree as Affected by Acceptance of Benefit Thereunder*, 169 A.L.R. 985, 992 (1947).

Accordingly, appellant's appeal is dismissed.