LEE, C.J., for the Court:
¶ 1. Curtis L. Boyd sued Dr. Gregory Nunez, M.D., Vineyard Court Nursing Center (Vineyard), and several other de *125 fendants for medical malpractice. Boyd settled with Vineyard, leaving Dr. Nunez as the only defendant. The trial court excluded the testimony of Boyd’s designated expert, Dr. John Payne, because it failed to satisfy the requirements of Mississippi Rule of Civil Procedure 26(b)(4)(A)(i). With the expert testimony excluded, the trial court granted Dr. Nunez’s motion for a final judgment. Boyd now appeals, arguing the trial court erred when it: (1) heard Dr. Nunez’s written motion to exclude Dr. Payne’s testimony on the same day the motion was filed; (2) found Boyd’s expert designation and additional supplementation were insufficient as a matter of law; and (3) dismissed Boyd’s claims after excluding Dr. Payne’s testimony. Finding no error, we affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. On September 8, 2006, Boyd filed a complaint for medical malpractice against Vineyard, Dr. Nunez, and several other defendants. The parties agreed to a trial date of November 30, 2009. A scheduling order was entered, designating the following deadlines: (1) September 15, 2009, for Boyd’s expert designation; (2) October 30, 2009, for the defendants’ expert designation; (3) November 13, 2009, for discovery; and (4) November 20, 2009, for dispositive motions.
¶ 3. On September 17, 2009, Boyd filed his expert designation, naming Dr. Payne. According to the expert designation, Dr. Payne was to testify that both Vineyard and Dr. Nunez “failed to meet the standard of care in allowing [Boyd] to develop an infection in his lower extremity!,] which was allowed to persist and ultimately resulted in amputation.” Dr. Nunez’s counsel informed Boyd’s counsel that the expert designation did not provide Dr. Nunez with the information required by Rule 26(b)(4)(A)(i). Dr. Nunez’s counsel also requested supplementation of the expert designation and dates to depose Dr. Payne. After requesting the information a second time, Dr. Nunez filed a motion to compel Boyd to provide all the information required by Rule 26(b)(4)(A)© regarding Dr. Payne.
¶ 4. On November 4, 2009, Boyd filed a first supplementation to his expert designation and moved for a continuance. The trial court heard both Dr. Nunez’s motion to compel and Boyd’s motion for a continuance on November 9, 2009. At the hearing, Boyd’s counsel provided available dates to depose Dr. Payne. The trial court instructed the attorneys to work together to arrange a time for the deposition, but it did not rule on the motion for a continuance.
¶ 5. Dr. Payne was scheduled to be deposed on Saturday, November 21, 2009. But on November 20, 2009, Dr. Nunez’s counsel was notified that Dr. Payne was seriously ill and would be unable to be deposed the next day. That same afternoon, Boyd’s counsel faxed Dr. Nunez’s counsel a second supplementation to his expert designation. The second supplementation was filed on November 23, 2009.
¶ 6. After a pretrial conference on November 23, 2009, mediation was immediately conducted, and Boyd settled his claim against Vineyard, leaving Dr. Nunez as the only defendant.
¶ 7. On November 30, 2009, Dr. Nunez filed a motion to exclude Dr. Payne’s testimony. The trial court heard arguments on the motion that day, which was the first day of trial. The trial court found that the second supplementation to the expert designation was untimely and that the expert designation and the first supplementation, although timely, failed to meet the specific requirements of Rule 26(b)(4)(A)©. Therefore, the trial court granted Dr. Nu *126 nez’s motion to exclude. Dr. Nunez then moved for an entry of a final judgment dismissing Boyd’s complaint, contending that, as a matter of law, Boyd could not prove his medical-malpractice claim without causation testimony from a medical expert. The trial court agreed and granted the motion for a final judgment.
¶ 8. Boyd moved for reconsideration of the motion to exclude Dr. Payne’s testimony. After hearing arguments on the motion, the trial court denied the motion for reconsideration and entered a final judgment in favor of Dr. Nunez. This appeal followed.
DISCUSSION
I. NOTICE REQUIREMENT
¶ 9. Mississippi Rule of Civil Procedure 6(d) requires written motions “be served not later than five days before the time fixed for the hearing, unless a different period is fixed by these rules or by order of the court.” Although the wording of this rule is mandatory, the Fifth Circuit Court of Appeals has stated that Federal Rule of Civil Procedure 6(d), which at the time[1] required the same five-day notice period as Mississippi’s Rule 6(d), “is not a hard and fast rule, ... and if it is shown that a party had actual notice and time to prepare to meet the questions raised by the motion of an adversary, Rule 6(d) should not be applied.” Herron v. Herron, 255 F.2d 589, 593 (5th Cir.1958). Further, the Mississippi Supreme Court has stated that even if Mississippi’s Rule 6(d) is violated, the error is not reversible when “proper notice would have been largely a pointless exercise.” Taylor v. Morris, 609 So.2d 405, 409 (Miss.1992).
¶ 10. Boyd claims he received the motion to exclude Dr. Payne’s testimony on November 30, 2009, the same day as the motion was argued; thus, he did not have ample opportunity to research the defenses available to him, nor did he have time to file a response. Although there was not proper notice, there was actual notice. Boyd was given notice a week earlier at the November 23, 2009 pretrial conference that Dr. Nunez would object to Dr. Payne’s testimony when the time came. From the record, there is no indication that Boyd’s counsel was surprised by the motion to exclude or that he was unprepared to argue against it. In fact, Boyd’s counsel cited relevant case law to bolster his argument. Consequently, proper notice would certainly have been a “pointless exercise” because Boyd’s counsel was not unprepared to respond to the motion.
¶ 11. Moreover, Boyd’s counsel failed to object to the lack of notice when the motion was heard. If a party fails to make a contemporaneous objection, “the error, if any, is waived.” Dorrough v. Wilkes, 817 So.2d 567, 573 (¶18) (Miss. 2002) (internal quotations omitted). This issue is without merit.
II. EXCLUSION OF DR. PAYNE’S TESTIMONY
¶ 12. This Court leaves discovery matters “to the sound discretion of the trial court, and discovery orders will not be disturbed unless there has been an abuse of discretion.” Scoggins v. Baptist Mem’l Hosp.-Desoto, 967 So.2d 646, 648 (¶8) (Miss.2007) (citations omitted). Particularly, “[a] certain amount of discretion is vested in the trial judge with respect to whether he or she will take matters as admitted.” Earwood v. Reeves, 798 So.2d 508, 514 (¶ 19) (Miss.2001).

A. Designation and First Supplementation

¶ 13. Rule 26(b)(4)(A)© requires a party to identify any person it “expects to *127 call as an expert witness at trial, to state the subject matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.” Boyd asserts that he has met the requirements under Rule 26.
¶ 14. Boyd’s expert designation stated that Dr. Payne would be called to testify as a medical expert “on the issues of standard of care, compliance with the standard of care, eausation[,] and damages.” Also, the designation claimed Dr. Payne would testify that Dr. Nunez “failed to meet the standard of care in allowing Boyd to develop an infection in his lower extremity!,] which was allowed to persist and ultimately resulted in amputation.” The first supplementation states similar conclusory statements, most specifically noting that Boyd suffered from “chronic and unnecessary pain, development of and worsening of ulcers, poor nutrition, significant cognitive and emotional decline, and amputation/deformity.”
¶ 15. Both the designation and the first supplementation fail to meet the requirements of Rule 26(b)(4)(A)(i). Although Boyd named Dr. Payne as his medical expert and stated the subject matter of Dr. Payne’s expected testimony, he repeatedly failed “to state the substance of the facts and opinions to which [Dr. Payne was] expected to testify and a summary of the grounds for each opinion.” Boyd’s counsel argued before the trial court that the medical charts and records on which Dr. Payne’s opinion would rely were “incorporated” into the first supplementation. Specifically, Boyd’s counsel stated, “The factual basis is left to the medical records themselves, that — all of those details. They’re not in the opinions, and [Dr. Payne] would have to be allowed to testify as to what those are[.] ... But the facts are not in here.”
¶ 16. The trial court looked to the analogous case of Moore v. Delta Regional Medical Center, 23 So.3d 541 (Miss.Ct. App.2009), to determine if Boyd’s designation and first supplementation met the requisite standard under Rule 26. In Moore, the trial court excluded the testimony of the plaintiffs medical expert for failure to meet the requirements of Rule 26 because “[r]egardless of whether the designation contained the subject matter of [the expert’s] opinion, the designation failed to state his opinion, the facts on which he based his opinion, and a summary of the grounds supporting his opinion.” Moore, 23 So.3d at 546 (¶ 15). Here, the designation failed to state Dr. Payne’s opinion with any specificity and failed to contain any facts on which Dr. Payne’s opinion could have been based.
¶ 17. Four factors should be considered before a trial court excludes evidence because of a discovery violation. The trial court should consider: “the explanation for the transgression, the importance of the testimony, the need for time to prepare to meet the testimony!,] and the possibility of a continuance.” Miss. Power & Light Co. v. Lumpkin, 725 So.2d 721, 733-34 (¶ 60) (Miss.1998).
The first consideration involves a determination whether the failure was deliberate, seriously negligent!,] or an excusable oversight. The second consideration involves an assessment of harm to the proponent of the testimony. The third and fourth considerations involve an assessment of the prejudice to the opponent of the evidence, the possibility of alternatives to cure that harm[,] and the effect on the orderly proceedings of the court.
Id. at 734 (¶ 60).
¶ 18. Here, the trial court carefully weighed each of the Lumpkin factors. *128 For the first factor, the trial court found that a possible explanation for the transgression was the previous expert’s conviction for tax fraud and current residence in federal prison. This left a six-month gap where Boyd was without a designated expert. But the trial court specifically stated it was unaware of a clear-cut reason as to why a new expert had not been retained in a more timely manner.
¶ 19. For the second factor, the trial court clearly stated that there is “no case” without Dr. Payne’s testimony. As to the third factor, the trial court examined the complexities of the case and the preparation time involved in such issues. The trial court sought to avoid “trial by ambush” because the prejudice from surprise testimony is exacerbated in a medical-malpractice case where expert opinion testimony is required to satisfy each element of a plaintiffs case.
¶ 20. For the final factor, the trial court looked to the two-and-one-half-year gap from the filing of the complaint to the scheduled trial date in Moore. The Moore Court found that the multi-year gap was “more than ample time to find an expert and obtain [his] opinion.” Moore, 23 So.3d at 547 (¶ 20). The trial court in this case also addressed the expense of a continuation on both parties, noting that “there comes a point in time when there has to be a date and that date has to mean something, and we’re at that date today.”
¶ 21. The record is clear that the trial court performed a through analysis using Moore as a guide and applied the applicable four-factor test under Lumpkin. Therefore, the trial court did not abuse its discretion in finding that Boyd’s designation and first supplementation were insufficient. This issue is without merit.

B. Second Supplementation

¶ 22. The trial court dismissed Boyd’s second supplementation as untimely, since it was filed seven days after the discovery deadline. Boyd contends that his second supplementation contains the same opinions as the designation and the first supplementation, but that assertion belies the plain language of the second supplementation.
¶ 23. In his second supplementation, Boyd states in detail the alleged failures of Dr. Nunez, down to the type of medicine prescribed. This information was not included in either the designation or the first supplementation. To allow this new information to be accepted seven days after the discovery deadline and ten days before trial would have greatly prejudiced Dr. Nunez. The trial court noted that Dr. Nunez would not have had time to properly prepare his response to the information contained within the second supplementation.
¶ 24. The trial court was within its discretion when it dismissed the second supplementation, as it was untimely. This issue is without merit.
III. FINAL JUDGMENT
¶ 25. Although no party contends that Dr. Nunez was procedurally incapable of making a “motion for an entry of final judgment,” we must examine the trial court’s ability to dismiss this case by granting this motion. This Court finds that while there is no procedural rule that allows for a “motion for an entry of final judgment,” the record is clear that Dr. Nunez essentially moved for summary judgment. Dr. Nunez argued that without a medical expert, Boyd did not have “the ability to create a genuine issue of material fact on the requisite elements of duty, breach, proximate cause, and damages.” This language is taken directly from Mississippi Rule of Civil Procedure 56(c), stat *129 ing that the moving party must “show that ... no genuine issue as to any material fact [exists] and that the moving party is entitled to a judgment as a matter of law.” Under Rule 56(a), a party may move for summary judgment “at any time after the expiration of thirty days from the commencement of the action.... ”
¶ 26. This Court has previously addressed a similar issue in Breland v. Gulfside Casino Partnership, 736 So.2d 446 (Miss.Ct.App.1999). In that case, the parties stipulated “that the motion for summary judgment could be considered as a motion for a directed verdict....” Id. at 447 (¶ 10). The Court stated that the parties were unable to stipulate to such a change and that a motion for a directed verdict could not apply in that case because the case had not been heard before a jury. See id. at 448 (¶ 13). Instead of dismissing the action for failure to comply with procedural rules, the Court addressed the motion as a motion for summary judgment and examined the case under the de novo standard of review. Id. at (¶¶ 15-16).
¶ 27. This Court reviews a trial court’s grant of a motion for summary judgment under a de novo standard of review. Travis v. Stewart, 680 So.2d 214, 216 (Miss. 1996). “All evidence is viewed in the light most favorable to the non-moving party. The decision of the trial court will only be reversed if ‘there are indeed triable issues of fact.’ ” Byrd v. Bowie, 933 So.2d 899, 902 (¶ 5) (Miss.2006) (citations omitted).-
¶ 28. The dissent raises the issue of notice of the summary-judgment motion. The motion was made on the day of trial. The defense would have received no benefit from notice. The defense was not disadvantaged by lack of time to prepare an argument against the motion or from unfair surprise, because the defense was as prepared as was possible since the trial was to proceed that very day.
¶ 29. For Boyd to show a pri-ma facie case for medical malpractice, he must be able to prove:
(1) The existence of a duty on the part of the defendant to conform to a specific standard of conduct for the protection of others against an unreasonable risk of injury;
(2) A failure to conform to the standard required of the defendant; [and]
(3) An injury to the plaintiff proximately caused by the breach of such duty by the defendant^]
Drummond v. Buckley, 627 So.2d 264, 268 (Miss.1993) (citations omitted). Case law generally demands that “in a medical malpractice action, negligence cannot be established without medical testimony that the defendant failed to use ordinary skill and care.” Cole v. Wiggins, 487 So.2d 203, 205 (Miss.1986). An expert must “identify and articulate the requisite standard that was not complied with, [and] the expert must also establish that the failure was the proximate cause, or proximate contributing cause, of the alleged injuries.” Earner v. Gorman, 605 So.2d 805, 809 (Miss.1992).
¶ 30. Boyd’s counsel admitted before the trial court on November 30, 2009, that he could not survive a motion for a directed verdict based on the expert designation or the first supplementation alone. Clearly, without Dr. Payne’s testimony, Boyd’s claim of medical malpractice would certainly fail.
¶ 31. In Worthy v. McNair, 37 So.3d 609 (Miss.2010), the supreme court addressed the issue of continuing to trial without the testimony of an expert as to causation. The court stated:
Because the plaintiffs had no expert to testify as to causation, they could not prove the necessary elements of their negligence suit. Conducting a trial on *130 the issue with full knowledge that the defendant must prevail as a matter of law — regardless of what a jury may determine — does not serve any of the purposes set forth in Hurst.
Id. at 617 (¶ 30). -See Hurst v. Sw. Miss. Legal Servs. Corp., 610 So.2d 374, 384 (Miss.1992) (holding “[wjhere trial has already begun, it is far preferable to allow the plaintiff to present his case in chief and then, if the plaintiff has failed to meet his burden of proof, direct a verdict in favor of the defendant”), overruled on other grounds by Rains v. Gardner, 731 So.2d 1192, 1197 (Miss.1999). The Worthy court, holding that the trial court did not err in granting summary judgment after the jury had been emplaneled, found that “it cannot be said that conducting a full trial in the present matter would serve the judicial economy or the interests of the litigants.” Worthy, 37 So.3d at 617 (¶ 30).
¶ 32. Without Dr. Payne’s testimony, Boyd could not establish that Dr. Nunez was negligent and failed to use ordinary skill and care. And Boyd could not survive a motion for summary judgment because he could not put forth a genuine issue of material fact. Therefore, this issue is without merit.
¶ 33. THE JUDGMENT OF THE LOWNDES COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
ISHEE AND CARLTON, JJ., CONCUR. BARNES AND MAXWELL, JJ., CONCUR IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. GRIFFIS, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY IRVING, P.J., AND ROBERTS, J. FAIR AND JAMES, JJ., NOT PARTICIPATING.

. Federal Rule of Civil Procedure 6(d) has since been changed.